UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BENJAMIN R.,

          Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

**DECISION AND ORDER**

23-CV-1100S

1.      Plaintiff Benjamin R.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for supplemental security income under Title XVI of the Act. (Docket No. 1.)  This Court had jurisdiction over this action under 42 U.S.C. § 405(g).

2.      Plaintiff protectively filed his application with the Social Security Administration on March 16, 2021.  He alleged disability beginning August 1, 1997, due to schizophrenia, treated testicular cancer, chronic hidradenitis,[2] substance abuse disorders involving drugs and alcohol, and obesity.  Plaintiff's application was denied and he thereafter requested a hearing before an administrative law judge ("ALJ").

3.      On May 19, 2022, ALJ Linda Harris Crovella commenced a telephonic hearing due to the COVID-19 pandemic, at which Plaintiff (represented by counsel) and

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

[2] Hidradenitis is an inflammation of the sweat glands.  Clayton L. Thomas, ed., Taber's Cyclopedic Medical Dictionary 829 (16th ill. ed. 1989).

Vocational Expert Timothy Andenmatten appeared and testified. (R.[3] at 43-73.) Plaintiff was 46 years old when he applied for benefits having a high school education but no past relevant work experience. (R. at 22, 35.)

4.      The ALJ considered the case *de novo* and, on June 29, 2022, issued a written decision denying Plaintiff's application for benefits. (R. at 19.) After the Appeals Council denied Plaintiff's request to review the ALJ's decision, he filed the pending action challenging the Commissioner's final decision.[4] (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 6, 11.) Plaintiff filed a response on May 16, 2024 (Docket No. 12), at which time this Court took the Motions under advisement without oral argument. For the reasons that follow, Plaintiff's Motion will be denied and Defendant's Motion will be granted.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 26 L. Ed. 2d 842 (1971). Where evidence is

---

[3] Citations to the underlying administrative record are designated as "R."

[4] The ALJ's June 29, 2022, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.    "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

9.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based

solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.     Although the claimant has the burden of proof at the first four steps, the Commissioner has the burden of proof at the fifth and final step. See Yuckert, 482 U.S. at 146 n.5. The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f); see also Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983).

11.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity. (R. at 22, 35.) At Step Two, the ALJ found that Plaintiff had the following severe impairments: schizophrenia. (R. at 22.) The ALJ found that his remaining impairments (testicular cancer, chronic hidradenitis, substance abuse disorders involving drugs and alcohol, and obesity) were medically managed or lacked objective medical findings to

4

support more than minimal limitations on Plaintiff's ability to work.  (R. at 22-23.)
Nonetheless, the ALJ incorporated the nonsevere impairments in assessing Plaintiff's
residual functional capacity.  (R. at 23.)

12.    At Step Three, the ALJ found that Plaintiff did not have an impairment or
combination of impairments that met or medically equaled any impairment(s) listed in
20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 23.)

13.    Next, the ALJ found that Plaintiff retained the residual functional capacity
("RFC") to perform the full range of work at all exertional levels but with the following
nonexertional limitations.  Specifically, the ALJ found that Plaintiff could perform simple
and routine tasks and carry out short and simple instructions.  The ALJ noted that Plaintiff
could respond appropriately to changes in a routine work setting and perform goal-
oriented work that focuses on things rather than people.  The ALJ determined that Plaintiff
could occasionally interact with supervisors and coworkers with superficial interaction with
the public while avoiding working in tandem with coworkers.  The ALJ concluded that
Plaintiff could perform work where there were no strict production quotas while not at an
assembly line pace.  (R. at 26.)

14.    At Step Four, the ALJ found that Plaintiff had no past relevant work.  (R. at
35.)  At Step Five, the ALJ found that there were jobs that existed in significant numbers
in the national economy that Plaintiff could perform.  (R. at 35-36.)  The ALJ did so by
posing hypotheticals to the Vocational Expert of a claimant sharing Plaintiff's age,
education, work experience, and RFC.  The Expert opined that this hypothetical claimant
could perform such representative occupations as a marker, router, hand packager, and
waxer.  (Id.)  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. at 36-37.)

15.     For disability applications filed after March 27, 2017, Social Security regulations require that the agency consider the persuasiveness of medical opinions while not deferring or giving any specific evidentiary weight to any medical opinion.  See, e.g., 20 C.F.R. § 416.920c(a).  The Social Security Administration considers the supportability and consistency of the opinions as the most important factors in assessing that opinion's persuasiveness.  Id. § 416.920c(c)(1), (2), (b)(2).  The ALJ must explain her approach with respect to supportability and consistency when considering a medical opinion. Melissa F. v. Comm'r, No. 1:20-CV-1363 (WBC), 2021 WL 3887256, at *3 (W.D.N.Y. Aug. 31, 2021) (citing 20 C.F.R. § 416.920c(b)).  The more consistent a medical opinion is with the rest of the evidence from other medical and nonmedical sources, the more persuasive that opinion would be.  20 C.F.R. § 416.920c(c)(2).  Similarly, the more relevant the objective medical evidence and supporting explanations presented by the medical source in support of their opinion, the more persuasive that medical opinion would be.  Id. § 416.920c(c)(1).

16.     One factor relevant to assessing a claimant's credibility regarding the intensity and persistence of his symptoms is his daily activities.    20 C.F.R. § 416.929(c)(3)(i); see Cherry v. Comm'r, 813 F. App'x 658, 661-62 (2d Cir. 2020) (ALJ properly accounted claimant's activities consistent with regulations); Hudson v. Berryhill, No. 1:17-CV-00463 (MAT), 2018 WL 4550310, at *7 (W.D.N.Y. Sept. 21, 2018).

17.     Plaintiff now argues that the ALJ improperly used his mundane activities of daily living to diminish the severity of his impairments.  This Court rejects this argument because the ALJ otherwise had substantial evidence based on the medical opinions to properly conclude that Plaintiff's limitations were not as severe as alleged.

18.    Although Plaintiff argues that the ALJ overstated his daily activities, this Court further finds that he has not presented evidence of limitations to his performance of work activities.  The record does not show limitations as claimed by Plaintiff.

19.    The totality of the evidence here included what the ALJ termed Plaintiff's "routine and conservative treatment throughout the record" and "grossly normal musculoskeletal and neurological findings upon examination," as well as his daily activities, all providing sufficient evidence to support the RFC apart from his daily activities.  (See R. at 32, 34.)  Plaintiff's routine physical findings and conservative treatment independently.  Thus, this Court finds that the ALJ did not rest the RFC solely on Plaintiff's activities.

20.    In assessing Plaintiff's limitations stemming from his severe impairment of schizophrenia, the ALJ here complied with 20 C.F.R. § 416.929 by considering Plaintiff's symptoms and the extent to which they were consistent with objective medical evidence, treatment records, and consultative opinions.  (R. at 24-25, 27, 30-31, 33-34.)

21.    Particularly, the ALJ considered Plaintiff's medical record that includes the observations of treating providers Mary Daly, LMHC, and Samantha Snell, NP, from Horizon Health Services.  On August 26, 2021, they reported in a mental impairment questionnaire that they injected Plaintiff with Fluphenazine for four weeks for schizophrenia, noting that "use of medications allow[ed] for stability in [Plaintiff's] symptoms."  (R. at 375; see R. at 33.)  LMHC Daly and NP Snell found that Plaintiff had a flat and blunted affect, difficulty multitasking, impaired problem solving, and that he was not suitable for employment.  (R. at 375-76.)

22.     The ALJ, however, found their joint opinion and its identified restrictions not persuasive because they were inconsistent with their progress notes or the record. Further, the ALJ declared this opinion inconsistent with Plaintiff's daily activities, such as taking care of his over 90-year-old grandmother.  (R. at 33; <u>see</u> R. at 26-34.)

23.     This Court observes that the record supports the ALJ's position.  Plaintiff stated in the Adult Function Report that he cared for his grandmother as well as two dogs, maintained without incident his own personal hygiene, did not require reminders to take medication or perform personal care, and handled stress by reading the Bible, and he claimed that he became less reckless with money since his illness.  (R. at 214-18, 220.) He reported, however, becoming timid and shy due to his illness.  (R. at 214, 218.)  He later reported to consultative examiners of his ability to cook and clean daily, manage money, and use public transportation.  (R. at 358, 360.)

24.     The ALJ also relied on the psychiatric consultative opinion of Janine Ippolito, Psy.D., who examined Plaintiff on May 18, 2021.  (R. at 31-34; <u>see</u> R. at 356.) Dr. Ippolito diagnosed Plaintiff with schizophrenia, stable with medication, and alcohol, cannabis, cocaine abuse, in sustained full remission.  She noted that Plaintiff was able to understand, remember, or apply simple and complex directions and instructions, and interact adequately with supervisors, coworkers, and the public.   What is more, Dr. Ippolito found that Plaintiff could sustain concentration and perform a task at a consistent pace, sustain an ordinary routine and regular attendance at work, and maintain personal hygiene.  Dr. Ippolito found that Plaintiff could use reason and judgment to make work-related decisions, regulate emotions, control behaviors, maintain well-being, demonstrate awareness of normal hazards, and take appropriate precautions with

moderate limitations.  The doctor then concluded that these problems did not appear to be significant enough to interfere with Plaintiff's ability to function.  (R. at 356, 358; <u>see</u> R. at 24, 31-32, 33-34.)  The ALJ found this opinion persuasive as consistent with the moderate limitations found in the "Paragraph B" analysis.  (R. at 33-34.)  Therefore, the medical record in evidence supports the ALJ's findings.

25.    Turning to Plaintiff's daily activities, the ALJ remains within her discretion to resolve discrepancies in the record for Plaintiff's activities of daily living absent proof of mischaracterization of the record.  <u>See</u> <u>Ernest S. v. Comm'r</u>, No. 1:22-CV-00509 EAW, 2023 WL 5738449, at *4 (W.D.N.Y. Sept. 6, 2023).  As a result, this Court finds that the ALJ here appropriately exercised her discretion in evaluating the conflicts in the evidence in considering Plaintiff's daily activities.  <u>Bryan F. v. Comm'r</u>, No. 1:20-cv-0055-DB, 2021 WL 1737760, at *5 (W.D.N.Y. May 3, 2021); <u>see</u> <u>Veino v. Barnhart</u>, 312 F.3d 578, 588 (2d Cir. 2002).  Plaintiff merely characterizes the evidence and his contention that his assisting his grandmother and mopping while incarcerated were not substantial evidence of his ability to work in national economy.  Plaintiff does not discuss the sufficiency of the evidence.  He "essentially invites the Court to reweigh the evidence," which this Court declines.  <u>David C. v. Comm'r</u>, No. 1:22-CV-0965 EAW, 2024 WL 376598, at *6 (W.D.N.Y. Feb. 1, 2024).

26.    Nevertheless, the ALJ addressed in the RFC any limitations Plaintiff had in social interaction by precluding tandem work or having more than superficial contact with the public.  (R. at 26, 33; <u>see</u> R. at 59.)

27.    This Court concludes that the ALJ properly rejected Plaintiff's subjective allegations of limiting impairments by relying on evidence of his daily activities and

Plaintiff's testimony of caring for his grandmothers, lifting one of them from her bed and transferring her into a wheelchair. (R. at 28, 53-54, 57-58.) He admitted that he had no symptoms when compliant with medication although Plaintiff avoided large crowds. (R. at 28, 59.) Plaintiff also stated that he drove, took public transportation, used a computer and smartphone, handled his personal finance, and cared for pets. (R. at 28, 29, 32, 33.) These activities belie any limitation arising from schizophrenia. See Poupore v. Comm'r, 566 F.3d 303, 307 (2d Cir. 2009) (substantial evidence supports ALJ's finding that claimant's subjective complaints of pain were insufficient to establish disability). Plaintiff's Motion for Judgment on the Pleadings therefore is denied.

28.     Accordingly, having reviewed the ALJ's decision and considered Plaintiff's arguments, this Court finds that the ALJ appropriately evaluated the evidence in this record in establishing the limitations from Plaintiff's schizophrenia and in determining that they did not preclude him from performing substantial gainful activity.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:         January 31, 2025
                   Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge